UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EARL WILLIAMS,

                Plaintiff,

      -against-

CITY DERM, et al.,

                Defendants.

22-CV-0316 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is proceeding *pro se* and *in forma pauperis* (IFP), filed this action invoking the Court's federal question jurisdiction under 28 U.S.C. § 1331, and alleging that Defendants denied him medical treatment and discriminated against him. On April 15, 2022, the Court dismissed the complaint under 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim on which relief may be granted. (ECF 4.) The Court held that: (1) Plaintiff's denial of medical treatment claim failed because he did not have a general right to medical care, and he failed to allege facts suggesting that Defendants are state actors, and that there was a special custodial or other relationship between himself and Defendants giving rise to a right to medical care; and (2) Plaintiff failed to allege facts suggesting that Defendants discriminated against him based on an immutable characteristic – such as race – in violation of a federal law. Judgment was also entered on April 15, 2022. ( ECF 5.)

      On May 4, 2022, Plaintiff appealed the order of dismissal to the United States Court of Appeals for the Second Circuit. On August 26, 2022, the Second Circuit dismissed the appeal "because it 'lack[ed] an arguable basis either in law or in fact.'" *Williams v. City Derm*, No. 22-1033 (2d Cir. Aug. 26, 2022) (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Pillay v. INS*, 45 F.3d 14, 17 (2d Cir. 1995)). On September 22, 2022, the Second Circuit granted Plaintiff a 14-

day extension of time to file a motion for reconsideration. *Williams v. City Derm*, No. 22-1033 (2d Cir. Sept. 22, 2022). However, on September 28, 2022, Plaintiff filed, in this court, a motion for reconsideration accompanied by a declaration in support of the motion. (ECF 7-8.)

The Court liberally construes Plaintiff's September 28, 2022, submissions, as a motion under Fed. R. Civ. P. 60(b) for relief from a judgment or order. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) ("The solicitude afforded to *pro se* litigants takes a variety of forms." (citations omitted)). For the following reasons, the Court denies the motion.

### DISCUSSION

A.   **Effect of pending appeal**

"The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). Generally, jurisdiction does not return to the district court with respect to the issues subject to a pending appeal until the court of appeals issues its mandate. *See Doe v. Gonzales*, 449 F.3d 415, 420 (2d Cir. 2006) (collecting cases); *Ostrer v. United States*, 584 F.2d 594, 598 (2d Cir. 1978) (explaining that "[t]he effect of the mandate is to bring the proceedings in a case on appeal . . . to a close and to remove it from the jurisdiction of [the court of appeals], returning it to the forum whence it came"). As the Court has not yet received a mandate in this matter, the appeal is still pending and the Court does not have jurisdiction to rule on Plaintiff's motion.

Fed. R. Civ. P. 62.1, however, permits the Court to treat Plaintiff's motion as a request for an indicative ruling. Rule 62.1 provides district courts with several options when "a *timely* motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending." Fed R. Civ. P. 62.1 (emphasis added); *see also Toliver v. Cnty. of*

*Sullivan*, 957 F.2d 47, 49 (2d Cir. 1992). Under Rule. 62.1(a), a district court may defer consideration of or deny the motion, or it may indicate that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue. Fed. R. Civ. P. 62.1(a). Here, to the extent allowed by Rule 62.1, the Court will consider Plaintiff's request for relief.

**B.      Motion for reconsideration**

Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

Plaintiff has failed to allege facts demonstrating that any of the grounds listed in the first five clauses of Rule 60(b) applies or that extraordinary circumstances exist to warrant relief under Rule 60(b)(6). Plaintiff challenges the April 15, 2022, order of dismissal, contending that the case was not "frivolous" or "malicious" and that Defendants clearly discriminated and were "biased" against him. (ECF 8, at 3-4.) He, however, essentially reiterated the same facts that the Court found failed to state a claim for relief. Plaintiff's assertions in the motion fail to rebut the Court's holding that: (1) he did not have a general right to medical care and that there was no special custodial or other relationship between himself and Defendants, who are not state actors, giving rise to a right to medical care; or (2) he failed to plead facts suggesting that Defendants

discriminated against him based on an immutable characteristic – such as race – in violation of a federal law.

Because Plaintiff does not present any legal or factual matters that would call into question the Court's dismissal of the complaint, the motion for reconsideration is denied.

As this matter is closed, the Court will not accept any further submissions in this case, except for papers directed to the Second Circuit.

## CONCLUSION

The Court denies Plaintiff's motion for reconsideration (ECF 7). All other pending matters in this case are terminated.

Plaintiff is directed to inform the United States Court of Appeals for the Second Circuit of this order pursuant to Fed. R. App. P. 12.1. Fed. R. Civ. P. 62.1(b).

The Clerk of Court is also directed to deliver a copy of this order to the Clerk of the United States Court of Appeals for the Second Circuit.

The Clerk of Court is further directed not to accept any further submissions under this closed case number except for papers directed to the United States Court of Appeals for the Second Circuit.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   October 13, 2022
         New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            Chief United States District Judge